IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| LAURA E. HOLDELL, | § |
| Plaintiff, | § |
| v. | § Civil Action No. 7:17-cv-00038-O-BP |
| NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security, | § |
| Defendant. | § |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation ("FCR") (ECF No. 18) in this case. The FCR recommended that this Court affirm the Commissioner's decision that Plaintiff is not disabled. Plaintiff filed an objection (ECF No. 19). The Court reviewed *de novo* those portions of the FCR to which Plaintiff made her objection. For the following reasons, Plaintiff's objection is overruled, and the Court **ADOPTS** the Magistrate Judge's FCR as the Findings and Conclusions of the Court.

**I. BACKGROUND**

Plaintiff's disability began on February 1, 1998. FCR 1, ECF No. 18. On February 1, 2013, the Commissioner of the Social Security Administration (the "Commissioner") determined that Plaintiff was no longer disabled. *Id.* On October 29, 2013, Plaintiff requested a hearing. *Id.* at 2. On February 5, 2015, an Administrative Law Judge ("ALJ") held a hearing. *Id.* At the hearing an impartial vocational expert ("VE") testified that a hypothetical worker who fit Plaintiff's description would be able to find a job, and offered three examples from the Dictionary of Occupational Titles (the "DOT"): Electronics Worker, Riveting Machine Operator II, and Wire

Stripper. *Id.* at 2–3, 6. The VE also testified that other people similarly situated to Plaintiff would be capable of working as a hotel housekeeper. *Id.* at 6. On July 31, 2015, the ALJ decided that Plaintiff was not disabled. *Id.* at 2. The ALJ conducted a five-step analysis and determined *inter alia* that Plaintiff was capable of performing jobs that exist in significant numbers in the national economy. *Id.* On February 1, 2017, the Social Security Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. *Id.* at 3. On October 19, 2017, the United States Magistrate Judge issued an FCR recommending that this Court affirm the Commissioner's decision. *See generally id.*

## II. LEGAL STANDARDS

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4). The fifth step requires the Commissioner to show that there is "substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

This Court's review of the Commissioner's decision is limited to deciding whether the Commissioner applied the correct legal standards and whether substantial evidence in the record supports the decision. *Audler*, 501 F.3d at 447. "'Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.'" *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "Conflicts in the evidence are for the [Commissioner] and not the

courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (quoting *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)).

VE testimony is not only adequate evidence to support the Commissioner's decision, it is ideal. The Fifth Circuit has "consistently held":

> [O]nce the ALJ determines that a claimant suffers from a [disability] . . . the *Secretary must produce 'expert vocational testimony or other similar evidence'* to establish that jobs exist in the national economy that the applicant can perform. The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed. A vocational expert is able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job.

*Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986) (citations omitted) (emphasis added).

## III. ANALYSIS

In his FCR, the Magistrate Judge found that the VE's testimony was substantial evidence supporting the ALJ's decision. FCR 7, ECF No. 18. Plaintiff "specifically objects to the Magistrate Judge's finding to the effect that the testimony of the vocational expert provided substantial evidence to support the ALJ's decision of non-disability." Obj. 1, ECF No. 19. The Court overrules this objection. The VE offered unrebutted testimony that someone similarly situated to Plaintiff would be able to find multiple jobs described in the DOT. *See* FCR at 2–3, 6, ECF No. 18. This is substantial evidence that supports the ALJ's finding that there is substantial work in the national economy that the claimant can perform. *Cf. Boyd*, 239 F.3d at 704; *Fields*, 805 F.2d at 1170.

## VI. CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's objection is overruled. The Court hereby **ADOPTS** the FCR as the Findings and Conclusions of the Court. It is therefore **ORDERED** that the Commissioner's decision is **AFFIRMED**.

**SO ORDERED** on this **1st day** of **February, 2018**.

3

Reed O'Connor
UNITED STATES DISTRICT JUDGE